# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Tobias Smith,

        Petitioner,

v.

Connie Roehrich,

        Respondent.

Civ. No. 08-6113 (RHK/JJK)

**REPORT AND RECOMMENDATION**

---

Tobias Smith, #220035, Faribault Minnesota Correctional Facility, 1455 Fourth Avenue SE #5, Rochester, MN 55901, *pro se*.

Eric M. Woodford, Assistant Olmsted County Attorney, counsel for Respondent.

---

JEFFREY J. KEYES, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on the Petitioner Tobias Smith's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Amended Petition") (Doc. No. 14, Am. Pet), and Petitioner's Motion Requesting [a] Stay of Petitioner's Amended Petition in Order to Exhaust State Court Remedies in a Post-conviction Proc[e]eding (Doc. No. 15). The case has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1. For the reasons discussed below, this Court recommends that Petitioner's motion for a stay and his Amended Petition be denied.

## BACKGROUND

Petitioner was convicted of third-degree criminal sexual conduct, first-

degree burglary, and false imprisonment in Olmsted County District Court in February 2006.  (Am. Pet. ¶¶ 1-2, 4.)  He received concurrent executed sentences of 57 months for the criminal-sexual-conduct and burglary convictions, and a stayed sentence of one year and one day for the false-imprisonment conviction, which was executed at Petitioner's request.  His conviction was affirmed by the Minnesota Court of Appeals on September 11, 2007.  *State v. Smith*, No. A06-1332, 2007 WL 2601431 (Minn. Ct. App. Sept. 11, 2007). Petitioner initially filed a petition seeking habeas corpus relief under 28 U.S.C. § 2254 on November 21, 2008 (the "November Petition").  (Doc. No. 1, Pet.)

Petitioner's conviction arose out of an incident that occurred late one night in November 2005, when Petitioner was alleged to have abused his longtime girlfriend, S.A., with whom Petitioner had three children.[1]  At the time of the incident, Petitioner and S.A. were alone in her apartment.  S.A. testified at trial that Petitioner punched her in the nose, pulled her hair, and forced her to have sex with him.  S.A. eventually asked Petitioner if she could leave the apartment to get some cigarettes, and Petitioner accompanied her outside.  When she observed a police car outside the apartment in the building's parking lot, she broke free of Petitioner's grasp, ran over to the police car, and described the incident to the police officer.  The police officer testified at trial that the victim appeared frightened, was visibly shaking, and had red marks in the area of her

---

[1]     These background facts are drawn from the unpublished opinion of the
(Footnote Continued on Following Page)

nose and chin.  Law enforcement officers later apprehended Petitioner.  *Smith*,

2007 WL 20614431, at *1.

Of particular relevance to the habeas petition is the fact that S.A. was

permitted to testify at the trial about five prior acts of domestic abuse:

> The victim testified that (1) in March 2003, [Petitioner] pinned her
> down on her bed, choked her, bit her face, and threatened to shove
> a knife into her genitals.  The victim obtained an order for protection
> against [Petitioner] but withdrew it several months later; (2) in August
> 2004, [Petitioner] choked the victim several times and stated that he
> would "hurt me and my kids and my family"; (3) in July 2005,
> [Petitioner] threw a knife at the victim's face, cutting her hand, and
> then hitting her, causing her to fall to the ground; (4) in July 2005,
> [Petitioner] "was out drinking again" and hit the victim in the back of
> the head two or three times; and (5) in October 2005, [Petitioner]
> threatened to throw a cookie jar and a phone at her, and she called
> the police to report this incident.

*Id.* at *3.

Shortly before trial, the prosecution notified Petitioner that it planned to

offer the victim's testimony regarding these prior incidents of domestic abuse.

The state district court conducted a pretrial hearing and ruled that the evidence

was admissible under Minn. Stat. § 634.20.  Prior to the victim's testimony about

these incidents, the court instructed the jury as follows:

> The evidence that you're about to hear is not to be used to prove the
> character of the defendant or that the defendant acted in conformity
> with such character.  The defendant is not being tried for and may
> not be convicted of any offenses other than the charged offenses
> from November 20, 2005.

_____

(Footnote Continued from Previous Page)
Minnesota Court of Appeals in *Smith*, 2007 WL 2601431.

*Id.* at *2.

The trial court also admitted other evidence concerning Petitioner's character and the relationship between Petitioner and the victim including testimony that Petitioner: (1) crashed the victim's car and did not replace it; (2) has a history of unemployment; (3) used drugs and alcohol; and (4) had prior contact with the sheriff's deputy who responded at the time of the incident. *Smith*, 2007 WL 2061431, at *4.

Petitioner appealed his conviction to the Minnesota Court of Appeals. His appellate counsel argued that the prior acts of domestic abuse and this other character evidence were improperly admitted at trial and resulted in the deprivation of a fair trial. The Minnesota Court of Appeals rejected both arguments. *Id.* at *2-4.

In addition, Petitioner raised several arguments in a *pro se* brief to the Minnesota Court of Appeals, including: (1) Petitioner received ineffective assistance of counsel because his trial attorney waived the omnibus hearing and the right to challenge police reports; (2) the state engaged in unreasonable delays in charging him with a crime; (3) the state failed to disclose exculpatory evidence consisting of photographs of the victim's injuries and other physical evidence; (4) the state's late disclosure of one of the prior acts of domestic abuse deprived him of a fair trial because it prevented him from calling rebuttal witnesses; (5) the district court admitted improper expert testimony from the sexual-assault nurse; (6) there was jury misconduct because some of the jurors

4

knew the victim and one of the jurors was sleeping during the trial; and

(7) Petitioner should have been represented by two attorneys at trial because he

was originally charged with first-degree criminal sexual conduct.  The Minnesota

Court of Appeals rejected each of these arguments.  *Id.* at *5.

## DISCUSSION

### I.    Petitioner's Ineffective Assistance of Appellate Counsel Claim

#### A.    Petitioner Seeks a *Rhines* Stay

In the November Petition, Petitioner raised the claim that his Sixth

Amendment right to counsel was violated because of the ineffective assistance of

his trial counsel.  (Pet. ¶ 12B.)  Although he raised an ineffective-assistance

claim in his direct appeal to the Minnesota Court of Appeals, he based the

ineffective-assistance claim in the November Petition to this Court on a ground

not previously presented in state court, namely that his attorney failed to

"investigate the relationship evidence between defendant and victim."  (Pet. at 9.)

In the state proceeding, Petitioner based his ineffective-assistance-of-counsel

claim "on the ground that his attorney waived the omnibus hearing and the right

to challenge police reports which may have contained inconsistent information."

*Smith*, 2007 WL 2061431, at *5.  Thus, in the November Petition, Petitioner

raised a form of his ineffective-assistance-of-counsel claim that he had failed to

raise in the course of the state judicial proceedings.

Federal courts acknowledge that states should have the first opportunity to

address alleged violations of state prisoners' federal rights.  *Coleman v.*

*Thompson*, 501 U.S. 722, 731-32 (1991).  Accordingly, Petitioner is barred from

seeking federal review in habeas of the ineffective-assistance-of-trial-counsel

claim raised in his November Petition.  *Hall v. Delo*, 41 F.3d 1248, 1249 (8th Cir.

1994) ("Federal habeas corpus review is barred when a federal claim has not

been fairly presented to the state court for a determination on the merits.")

(internal quotations omitted); *see* 28 U.S.C. § 2254(e)(2) (providing that if habeas

corpus petitioner fails to develop the factual basis of a claim in State Court

proceedings, the court shall not hold an evidentiary hearing on the claim, unless

petitioner makes the necessary showing).

In a March 31, 2009 Order, this Court noted that Petitioner raised yet

another claim in his Reply Brief to Respondent's Answer that was not presented

in the November Petition and did not appear to have been raised in the state

courts.  (Doc. No. 13.)  Specifically, Petitioner asserted that his constitutional

rights were violated when "[his] counsel on direct appeal . . . failed to raise

[several factual bases for an ineffective assistance-of-trial-counsel claim under]

*Strickland*, and prosecutor misconduct."  (Doc. No. 11, Pet'r's Reply Br. to

Resp't's Answer ("Pet'r's Reply Br.") 39.)  This new claim raised the distinct

possibility that Petitioner could still pursue his claim concerning trial counsel's

failure to investigate, but do so through the alleged ineffectiveness of his

appellate counsel for failing to raise that issue during direct appeal.  *See*

*Townsend v. State*, 723 N.W.2d 14, 19 (Minn. 2006) (clarifying that a claim of

ineffective assistance of appellate counsel need not be raised in the appeal

where counsel is representing a defendant, but instead may be raised in "the next postconviction petition").  Because Petitioner did not raise this claim in a post-conviction petition in state court following his appeal, Petitioner's claim that his appellate counsel was ineffective is not exhausted because it was never raised in state court.  As a result, Petitioner may still theoretically file a petition for post-conviction relief under Minn. Stat. § 590.01 in state court.

As explained in the March 31, 2009 Order, because his ineffective-assistance-of-appellate-counsel claim is unexhausted, Petitioner's pursuit of that claim before this Court would raise the likelihood that the entire Petition (including any properly exhausted claims) would be dismissed without prejudice pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).  If that happened, and if Petitioner then pursued his ineffective-assistance-of-appellate-counsel claim in state court, he would likely be barred from filing a subsequent habeas petition in federal court once that claim is exhausted in the state courts.  This is so because there is a one-year statute of limitations to file a federal habeas petition, which starts from the date when review by direct appeal expires.  28 U.S.C. § 2244(d)(1)(A) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court [which] shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review[.]").  Here, review by direct appeal expired on November 21, 2007, when the Minnesota Supreme Court denied Petitioner's petition for review.  (Doc. No. 13 at 2-4.)

In an abundance of caution, this Court alerted Petitioner to the option of filing an amended petition (Doc. No. 13), to assert the ineffective-assistance-of-appellate-counsel claim and to move for a stay of this proceeding while exhausting his state-court remedies in a post-conviction proceeding. *See Rhines v. Weber*, 544 U.S. 269, 274-75 (2005) (discussing option of staying a federal habeas corpus action where exhaustion of claims in state courts is required and statute of limitations would bar future habeas petitions). This "stay and abeyance" procedure under *Rhines*, however, is available only in "limited circumstances." *Id.* at 277. "[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his clams first in the state court." *Id.* Further, even if the federal court determines there was good cause for the Petitioner's failure to exhaust his claims in state court, it would still be an abuse of discretion to grant the stay if the unexhausted claims are plainly meritless. *See id.*; 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Following this Court's March 31, 2009 Order, Petitioner did, in fact, amend his habeas petition, adding the ineffective-assistance-of-appellate-counsel claim. Petitioner also moved this Court for a *Rhines* stay of the Amended Petition so that he could exhaust his state court remedies in a post-conviction proceeding. This Court now must decide whether this case involves one of those "limited

circumstances" in which a stay and abeyance is appropriate.  As further explained below, because this Court concludes that Petitioner's unexhausted ineffective-assistance-of-appellate-counsel claim is meritless, this Court will deny the stay motion.

**B.    A *Rhines* Stay is Inappropriate Because Petitioner's Ineffective-Assistance-of-Appellate-Counsel Claim is Meritless**

Before proceeding to the merits of Petitioner's ineffective-assistance-of-appellate-counsel claim, this Court first observes that Petitioner likely has not met his burden to demonstrate that this is one of the "limited circumstances" in which a *Rhines* stay is appropriate.  *See Rhines*, 544 U.S. at 277.  A *Rhines* stay is only available if Petitioner shows that there was good cause for his failure to exhaust his appellate-counsel claim in state court.  *Id.*  While Petitioner quotes this standard (Doc. No. 15 at 3), and generally describes what he feels was deficient about his appellate counsel's preparation in the state appeal, Petitioner does nothing to explain why he did not pursue state review of this claim by filing a petition for postconviction relief under Minn. Stat. § 590.01.  Nor does this Court's review of the record reveal any circumstances that amount to "good cause" for Petitioner's failure to first pursue state relief of this claim. Nevertheless, this Court now addresses the merits of Petitioner's appellate-counsel claim.

The Sixth Amendment provides a right to counsel's effective assistance in a "first appeal as of right . . . and the attorney need not advance every argument,

regardless of merit, urged by the appellant[.]" *Evitts v. Lucey*, 469 U.S. 387, 394

(1985) (citations omitted); *see also Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir.

2002) ("The right to effective assistance of counsel also applies in the first appeal

of right.").  "A habeas petitioner seeking relief based on ineffective assistance of

counsel must show: (1) his counsel's assistance fell below an objective standard

of reasonableness in that counsel failed to exercise the customary skill and

diligence that a reasonably competent attorney would use under similar

circumstances; and (2) that this deficient performance prejudiced his defense."

*Lawrence v. Armontrout*, 31 F.3d 662 (8th Cir. 1994) (citing *Strickland v.*

*Washington*, 466 U.S. 668, 687-88 (1984)).  When evaluating the adequacy of an

attorney's representation, this Court must be mindful of the "strong presumption

that counsel's conduct falls within the wide range of reasonable, professional

assistance."  *Strickland*, 466 U.S. at 689.

Petitioner's assertion that his appellate counsel provided constitutionally

ineffective assistance is predicated on his underlying claims against his trial

counsel.[2]  (*See* Pet'r's Reply Br. 39 (stating that appellate counsel was deficient

---

[2]    In Ground 2 of the Amended Petition, Petitioner simply placed the same
language from the November Petition's claim of trial counsel's alleged ineffective
representation, and recast the new claim as "Ineffective Assistance of counsel in
Appellant cousel [sic]." (Am. Pet. 9.)  Petitioner added some general allegations
that appellate counsel failed to fully investigate all aspects of his case in the
Amended Petition, but provided no specificity regarding such allegations.  (Am.
Pet. 13-14.)  In light of the record as a whole, this Court interprets Petitioner to be
raising the claim that appellate counsel was ineffective for failing to argue that
Petitioner's trial counsel had been ineffective.

for failing to raise issues involving *Strickland*).) Thus, if Petitioner cannot

establish a claim of ineffective assistance of trial counsel, his appellate-counsel

claim will automatically fail.

Petitioner asserts the following in support of his claim that trial counsel was

ineffective: (1) trial counsel failed to investigate the relationship between

Petitioner and the victim; (2) trial counsel failed to familiarize himself with

discovery materials and, thus, failed to call rebuttal witnesses concerning

domestic-abuse evidence; (3) trial counsel failed to have undivided loyalty; and

(4) trial counsel failed to call expert witnesses and testified against Petitioner

during closing argument.[3] (Am. Pet. 9-12.)

### 1. Trial counsel's alleged failure to investigate the relationship between Petitioner and the victim

Petitioner first claims that his trial counsel was ineffective because he

failed to competently investigate the relationship between Petitioner and the

victim, and if he had, the outcome at trial would have been different. Petitioner

provides no intelligible explanation of what evidence such investigation would

---

[3] In his *pro se* brief on direct appeal, Petitioner raised different factual bases for his trial-counsel claim from those listed in the Amended Petition. In the *pro se* brief, Petitioner argued that his trial counsel had been ineffective by waiving an omnibus hearing and failing to challenge police reports (Doc. No. 7, Resp't's Answer to Pet. for Habeas Corpus ("Resp't's Answer"), Attach. 1, Ex. C at 33, 35, 36), but the court of appeals found these claims meritless. *Smith*, 2007 WL 2601431, at *5. Respondent argues that Petitioner has defaulted on the new factual bases for his trial-counsel claim. (Resp't's Answer 5.) However, this Court need not resolve whether these factual bases are procedurally barred from review because they are plainly meritless.

have disclosed and no explanation at all about how the outcome would have been different. He presents no more than his hope that a more thorough investigation by trial counsel would have turned up something—this Court is not told what—that trial counsel might have used to rebut the prosecution's evidence about prior domestic abuse and Petitioner's relationship with the victim.

Petitioner asserts that if counsel had somehow conducted a more thorough investigation of his relationship with the victim, counsel would have objected to relationship evidence that was "improperly admitted character evidence." (Am. Pet. 9.) It is plain that Petitioner is challenging an evidentiary ruling made by the trial court and affirmed by the court of appeals. However, federal habeas relief is not available for alleged violations of state law such as the admissibility of evidence. *See Wallace v. Lockhart*, 701 F.2d 719, 724 (8th Cir. 1983) ("Questions concerning the admissibility of evidence are matters of state law and are not reviewable in a federal habeas corpus proceeding unless the asserted error infringed a specific constitutional protection or was so prejudicial as to deny due process.").

Petitioner's remaining assertions in support of his failure-to-investigate-the-relationship claim provide no basis for concluding that the result at trial would have been different, or they do not relate to a failure to investigate and appear to be nonsensical. Specifically, Petitioner asserts that he "smashed [the victim's] car into a tree, destroying it. When [she] lost her car she was unable to drive her children [and that she] worked to support the family and [Petitioner] did not work."

(Am. Pet. 9.)  Obviously, it is impossible to understand how this evidence could have assisted Petitioner's case.  It certainly does nothing to show how Petitioner would have obtained a different result at trial had his counsel's allegedly insufficient investigation uncovered this information.

Petitioner next states that the prosecutor asked questions about Petitioner's work history while cross-examining a defense witness at trial, and that the victim testified regarding her suspicion that Petitioner had been using methamphetamine during the incident underlying the criminal sexual conduct charge.  (*Id.* at 9-10.)  These assertions have nothing to do with whether trial counsel's fact investigation was sufficient.  Petitioner does not explain how an investigation by trial counsel would have made any difference in the presentation of this evidence.

Because Petitioner has not shown that his trial counsel was ineffective in this regard, he has not shown that his appellate counsel was ineffective for failing to raise an ineffective-assistance claim on direct appeal on this basis.

### 2. Trial counsel's alleged failure to familiarize himself with discovery materials

Petitioner's next assertion that his trial counsel was ineffective is premised on his trial counsel's alleged failure to familiarize himself with discovery materials.  As a result, Petitioner argues, counsel failed to call witnesses to rebut evidence regarding the incidents of domestic abuse that were brought up by the prosecution.  (Am. Pet. 10.)  Specifically, Petitioner contends that because his

trial counsel was not familiar with the facts of the case, he failed to call several witnesses to rebut the evidence of five different incidents of domestic abuse between Petitioner and the victim.  (Am. Pet. 11.)  Petitioner also asserts that his trial counsel was ineffective for not calling witnesses to testify in favor of the defense.  (*Id.*)

Petitioner, however, does not explain what discovery his trial counsel failed to review.  Nor does Petitioner provide any information about the identities of the supposed exculpating witnesses, what their testimony would have been had his trial counsel called them at trial, or how their testimony would likely have changed the result at trial.  Such conclusory assertions that a witness would have exculpated the defendant are insufficient even to warrant an evidentiary hearing, let alone justify any other relief.  *See United States v. Delgado*, 162 F.3d 981, 983 (8th Cir. 1998) (concluding that naked assertions that an attorney failed to call exculpating witnesses are insufficient to show counsel was ineffective or that defendant was prejudiced).  This basis for Petitioner's claim that trial counsel was ineffective lacks merit, and consequently, this ground for Petitioner's ineffective-assistance-of-appellate-counsel claim is also meritless.

### 3.    Trial counsel's alleged divided loyalty

In his third basis for claiming that his trial counsel was ineffective, Petitioner asserts that his trial counsel did not have undivided loyalty.  (Am. Pet. 12.)  Petitioner's undivided-loyalty claim is premised on the argument that trial counsel did not ensure Petitioner received full discovery.  This variation of

Petitioner's trial-counsel claim merely rehashes Petitioner's assertion that trial counsel failed to familiarize himself with discovery materials.  This claim is meritless because Petitioner fails to specify any discovery that trial counsel failed to obtain and what access to this unspecified information would have shown.[4]

### 4. Trial counsel's alleged failure to call expert witnesses

In his fourth basis for claiming that his trial counsel was ineffective, Petitioner asserts that trial counsel failed to call expert witnesses.  (Am. Pet. 12.)  Petitioner's assertion that his trial counsel failed to call expert witnesses fails for the same reason that his assertions regarding other defense witnesses fail; specifically, Petitioner has not identified who the expert witnesses are who allegedly should have been called to testify, what their testimony would have been, and how that testimony would have benefited Petitioner's defense.  *See Delgado*, 162 F.3d at 983.

As with Petitioner's other bases for his underlying ineffective-assistance-of-trial-counsel claim, his fourth basis lacks any merit.  Accordingly, Petitioner cannot demonstrate that his appellate counsel was ineffective for failing to raise these bases for an ineffective-assistance-of-trial-counsel claim on direct appeal.

---

[4]     Petitioner also asserts that appellate counsel was ineffective for failing to investigate trial transcripts "showing trial counsel testified against petitioner during closeing [sic] argument to the jury."  (Am. Pet. 14.)  Petitioner offers no further explanation of this assertion, nor does he specify whether he is referring to his own counsel at trial or to the attorney for the state.  However, this Court's review of the closing arguments at Petitioner's trial reveals that neither his attorney nor the prosecutor "testified" against Petitioner during summation.  (Trial

(Footnote Continued on Following Page)

Because his appellate-counsel claim is plainly meritless, Petitioner should not be allowed to exhaust his claims in state post-conviction proceedings through the stay-and-abeyance procedure under *Rhines*.

## II.     PETITIONER'S REMAINING CLAIMS ARE MERITLESS

In addition to the ineffective-assistance-of-appellate-counsel claim, in his Amended Petition, Petitioner raises the following claims: (1) prosecutorial misconduct ("Ground One"); (2) expert witness issues ("Ground Three"); and (3) a restatement of previous claims ("Ground Four").[5]

### A.     Standard of Review

Petitioner has the difficult task of showing that he is entitled to habeas relief under the standards of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Section 2254 of the AEDPA provides that a district court will entertain a petition for a writ of habeas corpus submitted by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

---

(Footnote Continued from Previous Page)
Tr., vol. 2, 472-501, Feb. 15, 2006.)
[5]     To the extent Petitioner seeks review of the state appellate court's decision regarding ineffective assistance of trial counsel, it does not appear that that decision involved an unreasonable application of clearly established federal law as determined by the Supreme Court.  The Minnesota Court of Appeals did not cite a legal standard for its rejection of Plaintiff's ineffective-assistance-of-trial-counsel claim, but rested its decision on a review of the record that disclosed that Petitioner "agreed with his attorney's strategic decision to waive the omnibus hearing [and] was not prevented from raising inconsistencies in the police report at trial."  *Smith*, 2007 WL 2601431, at *5.

§ 2254(a).  Section 2254 further provides that a habeas corpus petition:

> shall not be granted with respect to any claim that was adjudicated
> on the merits in State court proceedings unless the adjudication of
> the claim –
>
> > (1)  resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law,
> > as determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in
> > the State Court proceeding.

28 U.S.C. § 2254(d).  Here, Petitioner must prove that when the state court

adjudicated his claim its decision was "contrary to, or involved an unreasonable

application of, clearly established federal law, as determined by the Supreme

Court of the United States."  28 U.S.C. § 2254(d)(1).

> The Eighth Circuit has described the review under § 2254(d)(1) as follows:
>
> A decision is "contrary to" federal law "if the state court arrives at a
> conclusion opposite to that reached by [the Supreme] Court on a
> question of law" or if it "confront[ed] facts that are materially
> indistinguishable from a relevant Supreme Court precedent" but
> arrived at an opposite result.  *Williams v. Taylor*, 529 U.S. 362, 405
> (2000).  A state court "unreasonably applies" federal law when it
> "identifies the correct governing legal rule from [the Supreme]
> Court's cases but unreasonably applies it to the facts of the
> particular state prisoner's case," or "unreasonably extends a legal
> principle from our precedent to a new context where it should not
> apply or unreasonably refuses to extend that principle to a new
> context where it should apply."  *Id.* at 407.
>
> A federal court may not issue the writ simply because it "concludes
> in its independent judgment that the relevant state-court decision
> applied clearly established federal law erroneously or incorrectly.
> Rather, that application must also be unreasonable."  *Id.* at 411.

*Engesser v. Dooley*, 457 F.3d 731, 735-36 (8th Cir. 2006).  Under this standard,

the federal court "must deny a writ – even if we disagree with the state court's decision – so long as that decision is reasonable in view of all the circumstances." *May v. Iowa*, 251 F.3d 713, 716 (8th Cir. 2001) (citing *Williams*, 529 U.S. at 409-13).

## B. Prosecutorial Misconduct

### 1. Alleged *Brady* violation

In Ground One of the Amended Petition, Petitioner asserts a claim of "Prosecutorial misconduct" because the prosecution failed to disclose evidence favorable to the defense. Specifically, Petitioner asserts that a nurse examiner testified that she took a facial photograph of the victim's injuries that would have shown no assault had taken place. (Am. Pet. 5-6.) In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87.

Here, however, the Minnesota Court of Appeals concluded that "the district court file contains cover letters and affidavits of service on [Petitioner's] counsel regarding this evidence [and] [Petitioner's] counsel did not allege any discovery violations." *Smith*, 2007 WL 2601431, at *5. This decision does not implicate an application of the *Brady* standard. Rather, the court of appeals's decision involved a determination that Petitioner's claim that the prosecution failed to disclose this evidence lacked a factual basis. "The AEDPA requires federal

courts to presume that state court factual findings are correct." *De la Garza v. Fabian*, __ F.3d __, 2009 WL 2341824, at *3 (8th Cir. July 31, 2009) (citing *Nicklasson v. Roper*, 491 F.3d 830, 833 (8th Cir. 2007)). This presumption also extends to the factual determinations by state appellate courts, *id.* at *4 (citing *Smulls v. Roper*, 535 F.3d 853, 864 (8th Cir. 2008), and *Johnson v. Wyrick*, 653 F.2d 1234, 1237 (8th Cir. 1981)), and habeas petitioners have the burden to rebut that presumption by clear and convincing evidence. *Nicklasson*, 491 F.3d at 834. Nothing in the record suggests that Petitioner has overcome this presumption of correctness with respect to the decision by the Minnesota Court of Appeals that the evidence was, in fact, provided to the defense. *See De la Garza*, 2009 WL 2341824, at *1 (noting that the state appellate court determined that the petitioner was not denied access to his attorney by his jailers); *id.* at *4 (deferring to that factual determination by the state appellate court). Accordingly, Petitioner cannot obtain relief on this basis.

### 2. Late notice of expert

Petitioner next asserts that he was denied a fair trial because the prosecution provided the defense with the identity of the State's expert witness less than 24 hours before trial. However, this Court's review of the record reveals that Petitioner never raised such a claim to the Minnesota Court of Appeals. Because Petitioner could have raised such a claim on direct appeal but failed to do so, and because Minnesota law would prohibit him from raising such a claim in a post-conviction proceeding, Petitioner has defaulted on that claim; he

is procedurally barred from raising it here.  *See McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (noting that failure to pursue federal claims on direct appeal in state court precluded federal habeas review on the merits); *see also Carney v. Fabian*, 441 F. Supp. 2d 1014, 1027 (D. Minn. 2006) (noting that under Minnesota law the so-called *Knaffla* rule, which bars from subsequent review in state post-conviction proceedings claims known but not raised at the time of direct appeal, is a state procedural rule sufficient to support procedural default). Accordingly, Petitioner should be entitled to no relief on this basis.

### 3.  Late notice of intention to use uncharged instances of domestic abuse

Petitioner next asserts that he was denied a fair trial because the prosecution provided late notice about its intention to use uncharged incidents of domestic abuse against Petitioner at trial.   Specifically, Petitioner argues that the late notice violated his constitutional right to a fair trial because it deprived him of the opportunity to conduct a thorough investigation.  (Am. Pet. 7.)  The Minnesota Court of Appeals addressed this argument and concluded that "when this issue was raised at trial, the district court granted a continuance to allow [Petitioner] a chance to respond."  *Smith*, 2007 WL 2601431, at *5.  This decision by the court of appeals does not involve the application of federal law, nor is it a decision that is contrary to federal law.  Rather, like the appellate court's decision regarding Petitioner's *Brady* claim, this decision involves a factual determination by the appellate court about whether Petitioner was denied an opportunity to

respond to discovery provided to him on the eve of trial.  Such a factual

determination is presumed correct and nothing here suggests that Petitioner has

overcome that presumption.  *See De la Garza*, 2009 WL 2341824, at *4.

Accordingly, Petitioner should obtain no relief on this basis.

### 4.    Character evidence

Finally, with respect to "prosecutorial misconduct," Petitioner asserts that

the prosecution impermissibly introduced character evidence.  Specifically,

Petitioner asserts that the State's elicitation of "testimony suggesting that

[Petitioner] was shiftless, unemployed, a drug user, and a criminal" violated his

constitutional right to a fair trial.  (Am. Pet. 8.)  Applying a plain-error review to

this issue on appeal, the Minnesota Court of Appeals concluded that all but one

piece of this evidence was properly admitted under state law and that even if the

admission of evidence concerning the responding deputy's prior contact with

Petitioner was improperly admitted, such error was not prejudicial.  *Smith*, 2007

WL 2601431, at *3-4.

Arguably, Petitioner has procedurally defaulted on this claim for failing to

raise the federal nature of the claim at the state-court level.  *See Cox v. Burger*,

398 F.3d 1025, 1031 (8th Cir. 2005) (noting that the federal nature of a claim

must be fairly presented in state court by reference to a specific federal

constitutional right, a federal case, or a state case, which raises a pertinent

federal constitutional issue).  By failing to raise any federal issue with respect to

this claim on direct appeal even though it was known at the time of his appeal,

Petitioner has now lost his opportunity to raise such an issue in a state post-conviction petition, and he is procedurally barred from doing so here.

Moreover, to the extent that Petitioner challenges the state court's evidentiary ruling that this evidence was properly admitted under Minn. R. Evid. 702, habeas relief is not available for such an alleged error. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). "Questions concerning the admissibility of evidence are matters of state law and are not reviewable in a federal habeas corpus proceeding unless the asserted error infringed a specific constitutional protection or was so prejudicial as to deny due process." *Wallace*, 701 F.2d at 724. "[T]he validity of [an evidentiary ruling premised on state law] is reviewable in a federal habeas corpus proceeding only insofar as it resulted in a trial so fundamentally unfair as to deny [Petitioner] due process." *Id.* (citing *Batten v. Scurr*, 649 F.2d 564, 569 (8th Cir. 1981)). The Minnesota Court of Appeals concluded that any error committed by the trial court "was not prejudicial and did not affect the outcome of the case" based on the strength of the evidence against Petitioner supporting the victim's allegations that Petitioner sexually assaulted her. *Smith*, 2007 WL 2601431, at *4. Nothing in the record leads this Court to conclude that admission of the evidence to which Petitioner refers resulted in a trial so fundamentally unfair as to deny him due

process.

**C.      Expert Witness Issues**

In Ground Three of the Petition, Petitioner again asserts claims related to late notice of the State's intent to use expert testimony from a nurse regarding physical evidence of sexual assault.  (Am. Pet. 16.)  This variation of the claim should be denied for the same reasons stated in Part II.B.2, *supra*, i.e., Petitioner failed to raise such a claim in the state courts and the state procedural bar to raising it in a post-conviction proceeding.

Petitioner also asserts that "the court denied expert witness in favor of [the] defense when allowing the prosecutor to admit[] it's [sic] expert witness to testify under an expert in statistical genital injury."  (Am. Pet. 16.)  To the extent that Petitioner asserts that he was improperly barred from introducing expert testimony of his own at trial, he presented no such argument to the state court during direct appeal, could not now present such a claim in a post-conviction petition based on Minnesota's *Knaffla* rule, and is therefore procedurally barred from raising such a claim before this Court on habeas review.  *See McCall*, 114 F.3d at 757; *Carney*, 441 F. Supp. 2d at 1027.

Further, to the extent Petitioner raises a claim that the trial court admitted improper expert testimony, such a challenge cannot be reviewed in a federal habeas proceeding because it involves an issue of state law, and it is not a challenge that he is in custody in violation of the constitution or laws of the United States.  *See Wallace*, 701 F.2d at 724.  As with Petitioner's other challenges to

the admissibility of evidence, nothing about the admission of the expert testimony related to this issue rendered Petitioner's trial fundamentally unfair. Accordingly, Petitioner should obtain no relief on this basis.

### D. Rehash of Prior Claims

Ground Four of the Amended Petition merely rehashes other claims this Court has considered and rejected above. These include prosecutorial-misconduct issues; issues with late disclosure of discovery materials; character-evidence issues regarding Petitioner's drug use; issues relating to allegedly exculpatory testimony from unidentified witnesses; and various failures of defense counsel's representation.

For the reasons previously stated, this Court concludes that Petitioner is not entitled to relief on any of these claims and his Amended Petition should be denied. Accordingly, this action should be dismissed with prejudice.

## VI. RECOMMENDATION

Based on the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. The Amended Petition under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 14), be **DENIED**;

2. Petitioner's Motion Requesting an Stay of Petitioner's Amended Petition and Proceeding in Order to Exhaust State Court Remedies in a Post-conviction Proceeding (Doc. No. 15), be **DENIED**; and

3. This action be **DISMISSED WITH PREJUDICE**.

Date: September 4, 2009

        *s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 21, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.